## Smith Estate

*Nelson P. Fegley*, for petitioners.

*Wallace M. Keely*, for exceptants.

HOLLAND, P. J., May 12, 1950.—The three exceptions of Clarence G. Place raise the question whether, in calculating the encumbrances on one of the parcels of real estate, that is, parcel no. 1, the orphans' court has jurisdiction to adjudicate a set-off against a mortgage for the value of alleged occupancy of the parcel of real estate by way of rent.

Parcel no. 1, which was awarded to Mary A. Mills at $14,300, is subject to a mortgage in which Clarence G. Place is mortgagee, the balance of unpaid principal thereof being $1,200. The interest due is calculated to August 27, 1949, but, of course, when the payment is made, there must be a further adjustment as the mortgagee will be entitled to interest, at the rate provided in the mortgage, up to the time of actual payment.

In the statement of distribution prepared by counsel for petitioners, the sum of $1,606.67 is deducted from the amount due on the mortgage for rent from April 25, 1948, to August 27, 1949, at $100 per month, for an alleged occupancy of the premises by the mortgagee between those dates. There is a dispute as to the occupancy, it being alleged in the exceptions that the mortgagee occupied only a portion of the premises and the rest thereof was occupied by Horace Place and his wife. This is an issue of fact that would require a hearing for determination, but such need not be held if it is found that this court has no jurisdiction to decide a set-off against a mortgagee.

The question is, therefore, whether the orphans' court has jurisdiction in a partition proceeding to decide the issue of a set-off against the amount admittedly due on a mortgage. Generally that court which has jurisdiction of enforcing a claim has jurisdiction of a set-off against that claim. Starting with the fact that a mortgage is a lien, the enforcement of the lien is an execution procedure by way of sci. fa. sur mortgage which is exclusively in the common pleas. I take it, therefore, that the only court having jurisdiction over a set-off to the amount due on the mortgage would be the court of common pleas. Were the mortgagee to admit the set-off, of course, this court could recognize it for that would be an admission as to the balance due on the mortgage, with which latter fact this court would be concerned only. Since he does not admit the set-off, this court does not have jurisdiction to adjudicate the issue and will have to regard the balance of $1,200, with interest due to the date of payment, as above indicated, to be due as a lien on the parcel, which is not in dispute. This amount must be paid out of the amount due from the party in interest. Mary A. Mills, who accepted the parcel at the valuation of $14,300, and any interested parties desiring to enforce a claim

for rent, must be referred to the procedure of suit in the common pleas.

The three exceptions of Clarence G. Place are sustained.

The first two exceptions of LeRoy Place raise the same questions hereinabove disposed of and for the same reasons these two exceptions are sustained.

The third exception of LeRoy Place is to the charge of $28 for fire insurance, for the reason alleged in the exception that this item had been paid by Clarence G. Place. The item is a proper one in the statement of distribution and if Clarence G. Place has paid it he can be reimbursed for the same. The third exception is dismissed.

And now, May 12, 1950, subject to the disposition of the above exceptions, the statement of distribution is approved and affirmed.